No. 5963.

SUCCESSION OF T. B. LEE—ON RULE TO VACATE PROCEEDINGS AND ORDERS.

One Perault, claiming to be a creditor of the deceased, took a rule in the Second District Court of New Orleans upon the executrix to show cause why the mortuary proceedings, and all subsequent proceedings in the succession, should not be transferred to the Second Judicial District Court for the parish of Plaquemines, upon various grounds.

The executrix, *in limine*, excepted to this mode of proceeding, upon the ground that the object thereof is to annul judgments already rendered. The exception was well taken; this can only be done by a direct action.

APPEAL from the Second District Court, parish of Orleans. *Tissot*, J. T. *Wharton Collens*, for Perault, plaintiff and appellee. *James H. Grover*, for defendant and appellant.

MORGAN, J. T. B. Lee died in this city on the first of January, 1875. He left a will which was duly probated and ordered to be executed by the Second District Court for the parish of Orleans. Under the will the executrix has administered upon the estate.

His succession was also opened by the public administrator for the

parish of Plaquemines, but subsequent to its having been opened in New Orleans. Inventories were taken in the parish of Orleans, where he owned a considerable amount of real- estate, as well as in the parish of Plaquemines, where he owned a plantation, under orders of the judge of the Second District Court.

. One Perault, claiming to be a creditor of the deceased, took a rule in the Second District Court of New Orleans upon the executrix to show cause why the mortuary proceedings and all subsequent proceedings in the succession should not be transferred to the Second Judicial District Court for the parish of Plaquemines, upon various grounds.

The executrix, *in limine*, excepted to the mode of proceeding, upon the ground that the object thereof is to annul judgments already rendered.

The exception was well taken. The result of the plaintiff's action would be to annul the judgment of the court appointing her executrix, and would annul all the orders and doings had in the succession subsequent to her confirmation as executrix.

This can only be done by a direct action.

It is therefore ordered, adjudged, and decreed that the judgment of the District Court be avoided, annulled, and reversed, and that the rule herein taken be dismissed at plaintiff's costs.

Rehearing refused.